**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 21 2019**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-30546 |
| | ) | |
| Billy D. Brown, | ) | Chapter 7 |
| Karen R. Merrell-Brown | ) | |
| | ) | Adv. Pro. No. 18-03045 |
| Debtors. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| Billy D. Brown, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Ohio Department of Taxation, et al. | ) | |
| | ) | |
| Defendants. | | |

### MEMORANDUM Of DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on a motion for summary judgment filed by Defendant State of Ohio Department of Taxation on co-Plaintiff Karen R. Merrell-Brown's claim against it. [Doc. # 49]. The motion was filed electronically on June 17, 2019, and served by ordinary mail upon both Plaintiffs at their respective addresses. [*Id*. at p. 5, Certificate of Service]. On August 8, 2019, the court approved an Agreed Judgment Entry-Stipulated Dismissal as between the Defendant and co-Plaintiff Billy D. Brown. [Doc. # 51]. That stipulated dismissal entry terminates the remaining claim of Plaintiff

Billy D. Brown in this action. As a result, the motion for summary judgment remains pending for decision only as to co-Plaintiff Karen R. Merrell-Brown's claim.

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case and all civil proceedings in it arising under Title 11, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of particular debts are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I).

For the following reasons, the State of Ohio Department of Taxation's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Billy D. Brown and Karen R. Merrell-Brown are the co-debtors in the underlying Chapter 7 bankruptcy case and received their discharges.[1] Their adversary Complaint seeks a declaration of dischargeability of debts regarding personal income taxes from several tax years and names three taxing authorities as defendants, including the now only remaining Defendant, movant State of Ohio Department of Taxation ("Defendant" or "ODT"). The tax years at issue regarding ODT are 2009 through 2011. [Doc. # 1, ¶ 4]. The Complaint also avers that Plaintiffs timely filed tax returns for those years. [*Id.*, ¶ 5].

Plaintiffs contend that the income tax debts are dischargeable under 11 U.S.C. § 727(b) and 523(a)(1). [Doc. # 1, ¶ 6].[2] Plaintiffs' claims against two of the three named taxing authority Defendants have already been resolved, as has Plaintiff Billy D. Brown's claim against ODT, as noted above.[3] Only Plaintiff Karen R. Merrell-Brown's claim against ODT remains in dispute, set forth in Count 1 of the adversary Complaint as follows:

> 4. At the time the Petition was filed, Plaintiffs were indebted to Defendant, Ohio Department of Taxation for tax obligations that were due and owing in the approximate total mount of $10,444.74 for income taxes for the tax years 2009 through 2011. Said debts were listed on Schedule E of Plaintiffs's [sic] bankruptcy petition and schedules.

---

[1] *In re Brown, et al.*, Case No. 18-30546. [Doc. # 16].
[2] At the time Plaintiffs filed this adversary action they were represented by counsel. Shortly after this action was filed, counsel for Plaintiffs moved to withdraw as she had accepted a job that precluded her from continuing in the private practice of law. [Doc. # 6]. On August 20, 2018, the court granted counsel's motion to withdraw. [Doc. # 22]. Plaintiffs are now proceeding *pro se*.
[3] *See* Doc. ## 37 (claims against Defendant Internal Revenue Service dismissed by stipulation on March 1, 2019); 41 and 43 (claims against Defendant City of Toledo dismissed by stipulation on March 6, 2019, and March 20, 2019, respectively); and 51 (Plaintiff Billy D. Brown's claim, only, against State of Ohio Department of Taxation dismissed on August 8, 2019).

5. Tax returns for the above stated years were timely filed.

6. The above taxes due and owing are for tax periods ending on or before April 15, 2012, and are dischargable [sic] pursuant to the provisions of 11 USC §727(b) and §523(a)(1) in that the debts are for a tax on, or measured by, income or gross receipts for a taxable year ending on or before the date of the filing of the petition for which a return, if required, was last due, including extensions, two years or more before the date of filing of the Petition.

[Doc. # 1, at p. 2/4]. In its answer, ODT denies that any tax returns were filed and thus that the taxes due and owing for the relevant period are dischargeable under 11 U.S.C. § 727(b) and § 523(a)(1). [Doc. # 5].

On March 1, 2019, ODT initially filed a motion denominated as a motion to dismiss [Doc. # 38] after the original dispositive motion deadline of February 8, 2019. [Doc. # 27]. The court held a further pretrial conference on April 4, 2019, and the parties were granted sixty days to attempt resolution of the claims against ODT. [Doc # 45]. Additionally, the court set a new deadline for filing summary judgment motions and explained that it was denying ODT's motion to dismiss, without prejudice, on procedural grounds. An order then issued confirming the court's oral ruling and denying the motion to dismiss, without prejudice. [Doc. # 47].

ODT timely filed its motion for summary judgment on both Plaintiffs' claims.[4] ODT's motion included, on the certificate of service page, the Notice required by Local Bankruptcy Rule 9013-1(a), advising Plaintiffs that a response was due fourteen days from the date of service of the motion, absent which the court may grant the relief sought without further notice. [Doc. # 49, p. 5]. The deadline has passed without any response or request for extension of time to respond having been filed by Plaintiff Karen R. Merrell-Brown.

## LAW AND ANALYSIS

**I. Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is only proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of

---

[4] Contrary to this statement made by ODT in its motion for summary judgment—"Plaintiff has failed to state a claim upon which relief can be granted and, this action should be dismissed pursuant to F[ed]. R. Civ. P. 12(b)(6), as made applicable by F[ed]. R. Bankr. P Rule 7012, this matter should be dismissed," [Doc. # 49, p. 3 (emphasis in original)]--the applicable procedural rule is Rule 56 of the Federal Rules of Civil Procedure, not Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant continues to mix motion apples and oranges as to the procedural rules guiding the court's decision on dismissal of the claims against ODT.

3

law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986); *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party met the demands of Rule 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In the first part of a summary judgment analysis, the court must determine whether there is a genuine issue of material fact. A fact is material if its existence affects the outcome of the suit under the pertinent substantive law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In a summary judgment context, the court considers admissible evidence, including affidavits, in determining whether a genuine issue of material fact exists or not.

Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

**II. General Standards Regarding Exceptions to Discharge**

Under Chapter 7 of the Bankruptcy Code, a debtor may obtain a discharge from debts incurred prior to the filing of his or her petition subject to exceptions listed in 11 U.S.C. § 523. *In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004). The policy of affording a "fresh start" to the debtor is limited to debts of "the honest but unfortunate debtor." *Id.* (citing *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991)). Because of this policy, exceptions to discharge under § 523 are construed narrowly against the creditor. *Rembert v. AT&T Universal Card Svcs., Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998).

**III. 11 U.S.C. § 523(a)(1) Exception to Discharge**

The first exception to discharge in § 523(a) pertains to certain tax debts and sets forth the law at issue. 11 U.S.C. § 523(a)(1). Figuring out whether unpaid income tax debts are dischargeable or not requires parsing and applying complicated statutory language involving return due and assessment dates. *See* 11 U.S.C. § 523(a)(1)(A), incorporating 11 U.S.C. § 507(a)(8). However, the statute provides that even if an unpaid income tax debt falls within the general time period for dischargeability, it will not be dischargeable if a tax return was required to be filed and that return was not filed, as follows:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (1) for a tax or a customs duty—
> . . . .
> > (B) with respect to which a return, or equivalent report, or notice, if required—
> > > (i) was not filed or given;

11 U.S.C. § 523(a)(1)(B)(i).

In their complaint, Plaintiffs allege that unpaid taxes due to the Defendant taxing authorities for tax years 2009-2011 fall within the basic time period for dischargeability and that tax returns for those obligations were filed. ODT asserts, however, that State of Ohio income tax returns were required to be filed for the tax years 2009-2011 by Plaintiff Karen R. Merrell-Brown and that she did not file them. If those facts are established, then as a matter of law any income tax obligations for those years fall within the § 523(a)(1)(B)(i) dischargeability exception and are non-dischargeable. The facts forming the basis for ODT's motion for summary judgment are thus straight-forward.

Meeting its obligation under *Celotex Corp v. Catrett* to inform the court of the basis for its motion, ODT advances its position that Plaintiff Karen Merrell-Brown did not file tax returns for the years 2009-2011 and that she was required to do so according to Ohio's personal income tax statutes, Ohio Revised Code §§ 5747.12 and 5747.13. ODT has properly supported its motion for summary judgment under Rule 56(c) with an affidavit by Cory Steinmetz, an attorney with the Bankruptcy Division of ODT, which avers in pertinent part:

1. I am familiar with the Ohio Personal Income Tax, which is commonly referred to as "PIT". I am also familiar with the PIT assessments ODT made against Billy D. Brown and Karen R. Merrell-Brown (the "Debtors"); likewise I am familiar with the fact that the Debtors filed both joint and individual returns for the various tax periods involved.
2. Pursuant to Ohio Revised Code §§ 5747.02, 5747.12 & 5747.13 both Debtors were required to, but failed to file their returns and W2's, and remit the requisite tax for the tax years listed below (which include the 2009-2011 as outlined in the Debtors[sic] Complaint (Doc. 1)[.]
3. Finally, as pertains to this adversary action brought. Pursuant to ODT's records, Billy D. Brown has not filed a State of Ohio personal income tax ("PIT") return for the tax years 2009, 2010, 2011, 2012, 2013, 2015, 2016 and 2017; Karen R. Merrell-Brown has not filed PIT returns for tax years 2009, 2010, 2011, 2012, 2014, 2015, 2016, [and] 2017. Of these accounts ODT has only assessed Billy D. Brown for liability relating to tax years 2010, 2011 and 2012. As to tax year 2006, Billy D. Brown underreported his income and, as of this date, have [sic] not filed an amended return. Likewise, Debtors have paid only a portion of the liabilities assessed.

[Doc. # 49-1].

Based on the Steinmetz affidavit, the court finds that ODT has met its initial burden of demonstrating the absence of any genuine issue of material fact as required under *Celotex Corp. v. Catrett,* and has shown that Plaintiff Karen R. Merrell- Brown was required to file with ODT returns for the tax years 2009-2011 and that she has not done so. As explained above, once ODT properly made its showing, the obligation shifted to Plaintiff Karen R. Merrell-Brown to show that there is a genuine dispute as to these two material facts. In the absence of any response to ODT's motion, she has not done so. Her contested averment to the contrary in the Complaint is procedurally insufficient to create a genuine issue of material fact for trial. As a result, the court finds there is no dispute of fact that State of Ohio income tax returns were required to be filed by Plaintiff Karen Merrell- Brown with ODT for tax years 2009-2011 and were not.

Where no material facts are in dispute, the remaining question is whether the moving party is entitled to judgment as a matter of law based on the undisputed facts. *Helms v. Metropolitan Life Ins. Co. (In re O'Malley)*, 601 B.R. 629, 639 (Bankr. N.D. Ill. 2019) (citation omitted). The facts that Plaintiff Karen R. Merrell-Brown was required to and did not file income tax returns with ODT for the tax years 2009-2011 establish as a matter of law that she is not entitled to the declaration requested in the Complaint that her income tax debts to the State of Ohio for the tax years 2009-2011 fall outside the exception to discharge under § 523(a)(1). *See e.g. Crump v. United States (In re Crump)*, 282 B.R. 859, 863 (Bankr. N.D. Ohio 2002) (on summary judgment, the failure of debtors to provide evidence of tax returns or receipts precluded them from receiving a § 523(a)(1)(B)(i) discharge on tax liability).

## CONCLUSION

Based on the foregoing reasons and authorities, the court finds ODT's motion for summary judgment [Doc. # 49] well-taken and **GRANTED as to Plaintiff Karen R. Merrell-Brown.** The court will enter a separate final judgment on the complaint in favor of Defendant State of Ohio Department of Taxation and against Plaintiff Karen R. Merrell-Brown, only.

# # #